# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2015

Lyle W. Cayce
Clerk

No. 15-50253
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN PABLO QUEZADA REBULLOZA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-2176-1

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Juan Pablo Quezada Rebulloza challenges the substantive reasonableness of his 27-month within-Guidelines sentence for improper use of another's passport, in violation of 18 U.S.C. § 1544. In asserting his sentence is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a), he contends he used the passport to illegally enter the United States solely for the purpose of reuniting with his family, and not to either commit a crime of

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

terrorism or endanger others.  Quezada also contends the sentence:  was based on the Guidelines' "relatively high starting point [of a 27-to-33-month sentencing range] for the relatively minor offense"; overstated the seriousness of his criminal history; and does not reflect his personal history and characteristics.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose.  *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

As Quezada concedes, he did not object to the reasonableness of his sentence; therefore, review is only for plain error.  *E.g., United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).  (Regarding his conceded failure to object, Quezada maintains he should not be required to do so concerning the reasonableness of his sentence when it is imposed; recognizes this issue is foreclosed by our circuit precedent; and presents the issue to preserve it for possible future review.  Moreover, even if the more lenient abuse-of-discretion standard were applied to his challenge to the reasonableness of his sentence, it would fail.)

Under the applicable plain-error review, if Quezada demonstrates a clear or obvious error that affects his substantial rights, the reversible plain error may be remedied, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Puckett v. United States*, 556 U.S. 129, 135

(2009).    For the following reasons, the requisite clear or obvious error is lacking.

Quezada's sentence was within the Guidelines advisory sentencing range and is, therefore, presumptively reasonable.  *E.g., United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  To rebut that presumption, Quezada must show:  "the sentence does not account for a factor that should receive significant weight, . . . gives significant weight to an irrelevant or improper factor, or . . . represents a clear error of judgment in balancing sentencing factors".  *Id.*

The district court considered Quezada's assertions in mitigation of his sentence and, balancing them with the § 3553(a) objectives, concluded a sentence at the bottom of the sentencing range was appropriate.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant."  *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  The court determined Quezada's criminal history, cultural assimilation, and benign motive for illegally returning to the United States did not warrant a below-Guidelines sentence, but granted his request for a sentence at the low end of the sentencing range.  *See Gomez-Herrera*, 523 F.3d at 565-66.

AFFIRMED.